SOL J. KARPEL, Plaintiff, *v.* VICTOR M. SANDS, Doing Business as COPLAY-PLAZA PHARMACY, Defendant.

City Court of New York, Kings County, July 15, 1932.

*Saul I. Radin,* for the plaintiff.

*Blank & Klein,* for the defendant.

FENNELLY, J.   This is a motion to dismiss a complaint which charges the defendant, a druggist, with selling to the plaintiff a pint of alcoholic beverage that was poisonous.   It is the theory of the complaint that defendant breached an implied warranty that the beverage was fit for human consumption, and that as a result plaintiff was made violently ill.   It was conceded by counsel upon the argument that the sale was not made upon a prescription, although the complaint is silent upon this point.   The whole contention of defendant, fairly met by plaintiff, is that the sale was an unlawful transaction.

If it was a transaction in which both parties were *in pari delicto*, the law would leave the wrongdoers where it found them and no cause of action would arise.   If, however, the seller alone was the wrongdoer, and the purchaser was not, a cause of action would arise in his favor.

Neither the Eighteenth Amendment to the United States Constitution nor the enforcement act prohibits the purchase of liquor. There is nothing immoral in its purchase, nor for that matter in its consumption within proper bounds.   The plaintiff was, therefore, committing no unlawful act when he bought the liquor in question.

There is to my mind no legal reason against and every human reason for the law throwing its protecting arm about the countless thousands who purchase and drink liquor, and giving  a right of action for damages against the seller who handles that which is not fit for human consumption.   The motion to dismiss the complaint is denied, with leave to defendant to serve his answer within ten days after the service of the order denying this motion with notice of entry.   Order signed.